39 F.3d 1195
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NATIONAL PRESTO INDUSTRIES, INC., Plaintiff-Appellee,
v.
DAZEY CORPORATION, Defendant-Appellant.
 No. 94-1365.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1994.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 Dazey Corporation moves for clarification of jurisdiction, i.e., whether it has appealed from a final, appealable order. National Presto Industries, Inc. moves to dismiss Dazey's appeal. Dazey opposes the motion to dismiss. Both parties submit additional responses in accordance with the court's order.
 
 
 2
 In 1990, Presto sued Dazey for patent and trade dress infringement. The parties ultimately settled their dispute. In March 1992, a consent judgment was entered. The consent judgment stated, inter alia, that Dazey's QUIK FRY infringed Presto's patent and trade dress. Dazey was enjoined from making, using, or selling its QUIK FRY.
 
 
 3
 Later, in December 1992, Dazey filed in the district court an "emergency motion for court determination, clarification, and confirmation of consent judgment and settlement agreement." Specifically, Dazey wanted to know if the color of its DCF-31 fryer was in violation of the settlement agreement which barred manufacture of fryers of a particular black color. The matter was referred to a magistrate who treated Dazey's motion as seeking a declaration that it did not violate the terms of the settlement agreement by manufacturing a dark charcoal gray/black fryer.
 
 
 4
 The magistrate determined that the color Dazey utilized did violate the settlement agreement and recommended that Dazey's motion be denied. On review of the magistrate's report and recommendation, the district court on May 13, 1994 overruled Dazey's objections and denied Dazey's motion for a declaration that it did not violate the terms of the settlement agreement. On May 24, Presto filed a motion for attorney fees and for leave to ascertain alleged damages.
 
 
 5
 Dazey appealed and argues here that the May 13 order is a final appealable order notwithstanding Presto's motions. Dazey argues that Presto's motions are not post-judgment motions that would toll the time for appeal, but are simply motions that should have been asserted in the context of the proceeding, not after Dazey's motion was denied. In response, Presto argues that its pending motions are post-judgment motions that render the appeal premature.*
 
 
 6
 The posture of the district court case is unusual thereby creating a cloudy jurisdictional picture in this court. In the usual course, a complaint is filed in a district court to initiate a proceeding. When that happens the Federal Rules of Civil Procedure provide a framework and a timetable for a defendant to answer or counterclaim. It is clear in those cases when a judgment is entered ending the litigation and what constitutes a post-judgment motion that affects the timing of an appeal. In this case, a "motion" was filed in the district court. The court treated it as a request for a declaration. However, no complaint/answer procedure was utilized. The district court ultimately decided that it could not declare that Dazey was in compliance. Whether the district court simultaneously held that Dazey was in breach or contempt is less clear. In any event, Presto moved forward with its requests for fees and damages after Dazey's motion/declaration was decided.
 
 
 7
 In practical terms, the district court proceeding does not appear to be over. There does not appear to be a final decision in the case. We do not view Presto's motions as "post-judgment" motions, but rather as part of the ongoing proceedings. Appellate review is available only when a final decision is issued that ends the litigation on the merits. See Copelands' Enterprises, Inc. v. CNV, Inc., 887 F.2d 1065, 1067 (Fed.Cir.1989) (in banc). Whatever the nature of the district court proceeding, it has not yet ended the litigation.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) Dazey's appeal is dismissed as premature.
 
 
 10
 (2) Each side shall bear its own costs.
 
 
 
 *
 The court asked the parties to address whether the Supreme Court's recent decision in Kokkonen v. Guardian Life Ins. Co., 114 S.Ct. 1673 (1994) had any applicability to this case. Because we decided that the appeal is interlocutory we do not have to reach that issue. However, the district court may wish to consider the issue